UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JESSE SOOCEY,<br><br>　　　　　　　Defendants. | Case No. 3:19-MJ-05244<br><br>DETENTION ORDER |

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f), and concludes there are no condition or combination of conditions which would reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

The Court has reviewed the documents of record and considered the arguments and information presented during the hearing. The Court's findings are based on 1) the nature and circumstances of the offense charged – including the allegations that the stolen items were 24 handguns; 2) the history and characteristics of the defendant; 3) the nature and seriousness of the danger release would impose to any person or the community; and 4) the potential for flight or failure to appear. 18 U.S.C. § 3142(g).

The government has met its burden of proving by a preponderance of the evidence that the defendant presents a significant risk of non-appearance. The First Supplemental Pretrial Services Report indicates that defendant has failed to appear for a hearing in the past. Dkt. 11 at

DETENTION ORDER - 1

4. Defendant indicates that he does not currently have a place of residence, does not have any plan for a proposed residence of his own nor does he identify any person who may be willing to be a third-party custodian, he is not currently employed and does not have a current source of monthly income. Dkt. 11, First Supplemental Pretrial Services Report, at 1-3.

Defendant also indicates that he is recently divorced and was recently terminated from his employment for failing to report to work. *Id*. at 2. Defendant also acknowledges an increasing amount of methamphetamine use over the past year. *Id*. at 3.

The sworn complaint charging Mr. Soocey with Theft From a Federal Firearms Licensee, in violation of 18 U.S.C. Sections 922(u) and 2, informs the Court that: In December of 2018, the Auburn Police Department was called to the residence of defendant's ex-wife because defendant had chased a guest into the residence and was kicking the front door causing the door frame to break. Dkt. 1, 6 at 34. Further, the sworn complaint states that in May of 2019 the Auburn Police Department responded to a call from defendant's ex-father-in-law (P.Y.) alleging that defendant had stolen a check from P.Y. and forged it in the amount of $1,200.00 and then cashed the check. *Id*. These allegations of defendant's deteriorating unlawful behavior combined with increasing drug use and lack of stable community ties show, by a preponderance of evidence, that defendant would be at substantial risk of non-appearance, and would likely be unable to comply with Court-ordered conditions of release.

The Court also finds that the government has met its burden in proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community. First, the sworn complaint suggest that defendant has acted violently in the past when he chased a person into a residence and repeatedly kicked the door with enough force to break the door frame. *Id*.

DETENTION ORDER - 2

Additionally, the circumstances of the alleged offense, stealing 24 handguns from a federal firearms licensee, demonstrate a danger to the community. The surveillance cameras surrounding the building that was entered show that the suspects arrived at the location two hours before commencing the crime to walk around and observe the location. Dkt. 1, 6 at 12-25. The suspects then forcibly entered the building (the alarm system showed entry from the roof, and a tire iron was found later by investigators, on the roof) to steal 24 handguns. *Id*. at 10.

After exiting the building with the stolen handguns, at approximately 5:19 a.m., the suspects allegedly drove a silver Toyota truck (the investigation revealed that Mr. Soocey owns such a truck) into the Tacoma Dome Station transit parking garage. *Id*. at 26. Surveillance cameras show that the suspects spent a few minutes driving the truck through the garage (photos show that cars are parked in the garage) at a high rate of speed and did not appear to stop before exiting. *Id*. at 28. The actions of the suspects demonstrate the possession of 24 handguns and a disregard for the safety of members of the community in and around the transit parking garage during commuting hours, on the morning of the crime.

The Assistant United States Attorney pointed out allegations in the complaint, during the hearing on the motion for detention, stating that within nine days after the burglary, a few of the stolen guns began showing up on the street -- yet many of the stolen guns remain unaccounted for. *Id*. at 35. Additionally, the second suspect seen in the surveillance videos has not been identified. If defendant is in fact the suspect in the surveillance videos, it may reasonably be inferred that upon his release he would potentially have contact with the unidentified second person who allegedly participated in this crime, and may potentially access those unaccounted-for stolen handguns.

Accordingly, as defendant is alleged to be one of the two involved suspects, and many of the 24 weapons are still in the community and unaccounted for, his release would present a significant potential risk of danger to others and to the community.

The defendant asserted that he suffers from mental illness and substance abuse disorder. Dkt. 11 (First Supplemental Pretrial Services Report) at 3. His former employer stated that Mr. Soocey was a model employee for about ten years; but, starting in 2018 he was having many problems, he left that employer in November 2018, and when he later worked again for the same company he failed to regularly report for work (after being rehired in February 2019). So, Mr. Soocey was fired in May 2019 – his former employer stated that before being separated from employment, Mr. Soocey was given more than one chance to make improvements. Dkt. 11 at 3.

The sequence of events alleged in the complaint and presented by the Government and the First Supplemental Pretrial Services Report, considered as a whole, shows that under the Bail Reform Act factors in 18 U.S.C. § 3142(g), regardless of the conditions of supervision, Mr. Soocey would be a serious risk of not conforming his behavior to meet the personal, professional, or legal responsibilities that would be required of him if he were released on supervision pending trial.

The Court finds that the government has met its burden. The Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

It is therefore **ORDERED:**

(1)   Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

Dated this 4th day of December, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

DETENTION ORDER - 5